UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No.: 2:21-cv-14023

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, a Foreign Corporation,

      Plaintiff,

v.

GERELCO ELECTRICAL CONTRACTORS, INC., a Florida Corporation, GERELCO TRAFFIC CONTROLS, INC., a Florida Corporation, GERELCOM, INC., a Florida Corporation, PREMIER FABRICATORS, LLC n/k/a J2KM, LLC, a Florida Limited Liability Company, KENNETH A. GEREMIA, SR., individually, and KENNETH A. GEREMIA, JR., individually,

      Defendants.
_____/

## COMPLAINT

Plaintiff, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, through its counsel, hereby sues Defendants, GERELCO ELECTRICAL CONTRACTORS, INC., a Florida Corporation, GERELCO TRAFFIC CONTROLS, INC., a Florida Corporation, GERELCOM, INC., a Florida Corporation, PREMIER FABRICATORS, LLC n/k/a J2KM, LLC, a Florida Limited Liability Company, KENNETH A. GEREMIA, JR., individually, and KENNETH A. GEREMIA, JR., individually, and alleges:

### PARTIES, JURISDICTION, AND VENUE

1.    This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332(a) because Plaintiff and Defendants are citizens of diverse states.

2. Fidelity and Deposit Company of Maryland ("Fidelity") is an Illinois corporation incorporated in Illinois with its principal place of business in Schaumburg, Illinois making it a citizen of Illinois in accordance with 28 U.S.C. § 1332(c)(1). Fidelity is licensed to conduct business in Florida.

3. Upon information and belief, Gerelco Electrical Contractors, Inc. ("Gerelco Electrical") is a corporation incorporated in Florida with is principal place of business in Port St. Lucie, Florida, in St. Lucie County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

4. Upon information and belief, Gerelco Traffic Controls, Inc. ("Gerelco Traffic") is a corporation incorporated in Florida with is principal place of business in Port St. Lucie, Florida, in St. Lucie County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

5. Upon information and belief, Gerelcom, Inc. ("Gerelcom") is a corporation incorporated in Florida with is principal place of business in Port St. Lucie, Florida, in St. Lucie County making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

6. Upon information and belief, Premier Fabricators, LLC n/k/a J2KM, LLC ("Premier") is a limited liability company in Florida with is principal place of business in Port St. Lucie, Florida, in St. Lucie County, and its member, Kenneth A. Geremia, Jr., domiciled in Jupiter, Florida, in Palm Beach County, making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

7. Upon information and belief, Kenneth A. Geremia, Sr. ("Geremia Sr.") is a resident of, and domiciled in, Jupiter, Florida, in Martin County making him a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

8. Upon information and belief, Kenneth A. Geremia, Jr. ("Geremia Jr.") is a resident of, and domiciled in, Jupiter, Florida, in Palm Beach County making him a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

9. The causes of action alleged herein fall within the jurisdictional limits of the Court because Fidelity seeks to recover more than $75,000.00 from the Defendants.

10. Venue is appropriate in this Court because one or more of the Defendants reside in or have their principal place of business within the boundaries of the Southern District of Florida, and because one or more Defendants reside in or have their principal place of business located in one of the counties within the province of the Fort Pierce Division of this Court.

## GENERAL ALLEGATIONS

### The Bonds and Indemnity Agreement

11. As part of its business, Fidelity issues payment and performance bonds and stands as surety for selected contractors.

12. In connection with their work, Defendants from time to time required surety payment and performance bonds.

13. To induce Fidelity to issue payment and performance bonds on their behalf, Defendants entered into an indemnity agreement with Fidelity.

14. Specifically, on August 13, 2009, Gerelco Electrical, Gerelco Traffic, Gerelcom, Premier, Geremia Sr., and Geremia Jr. (collectively, the "Indemnitors") each executed an Agreement of Indemnity ("Agreement") in favor of Fidelity, its affiliates, and its agents. A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit "A."**

15. The execution of the Agreement, and the Indemnitors' undertaking of the various responsibilities and obligations contained therein, were absolute conditions precedent and prerequisites to Fidelity issuing any bonds naming one or more of the Indemnitors as a principal.

16. According to the Agreement, the Indemnitors agreed, in part, to:

> [E]xonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

[Exhibit A, p. 1, SECOND].

17. The Agreement also provides that:

> In the event of any breach or default asserted by the obligee in any said Bonds, or the Contractor has abandoned the work on or forfeited any contract or contracts covered by any said Bonds, or has failed to pay obligations incurred in connection therewith, or in the event of the death, disappearance, Contractor's conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Contractor, or the appointment of a receiver or trustee for the

4

>Contractor, or the property of the Contractor, or in the event of an assignment for the benefit of creditors of the Contractor, or if any action is taken by or against the Contractor under or by virtue of the National Bankruptcy Act, or should reorganization or arrangement proceedings be filed by or against the Contractor under said Act, or if any action is taken by or against the Contractor under the insolvency laws of any state, possession, or territory of the United States the Surety shall have the right, at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same, and the Contractor and Indemnitors shall promptly upon demand pay to the Surety all losses, and expenses so incurred.

>[Exhibit A, p. 2, SIXTH].

18. Additionally, the Agreement provides that:

>The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Contractor and the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

>[Exhibit A, p. 3, THIRTEENTH].

19. The Agreement is unequivocal and specific in setting forth the Indemnitors' obligations to indemnify and keep Fidelity indemnified "from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur" as a result of executing the payment and performance bonds or because of the Indemnitors' failure to comply with the Agreement.

5

20. Fidelity agreed to issue payment and performance bonds naming one or more of the Indemnitors as principal at the Indemnitors' request in consideration for their promise to comply with the terms of the Agreement.

21. Fidelity issued payment and performance bonds naming Gerelco Electrical as principal (the "Bonds") on construction projects (Projects").

22. Fidelity received claims against the Bonds ("Bond Claims") from various entities ("Bond Claimants") due to Gerelco Electrical's failure or refusal to fulfil their performance or payment obligations.

23. Fidelity has incurred losses as a result of issuing the Bonds, which losses include the costs to investigate and defend itself against Bond Claims.

24. As of the date of filing this Complaint, Fidelity has paid attorneys' fees and consultants' fees to investigate and defend the Bond Claims.

25. The Indemnitors have not reimbursed Fidelity for the attorneys' fees, consultants' fees, and other costs and expenses Fidelity has incurred as a result of issuing the Bonds.

26. Fidelity has retained the undersigned attorneys to represent it in this action, and is obligated to pay these attorneys a reasonable fee for their services rendered.

27. Fidelity has performed all of the terms, covenants, and conditions required on its part to be performed under the terms of the Agreement or has been excused from doing so by Indemnitors.

28. All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
**(Breach of Contract / Contractual Indemnity against the Indemnitors)**

29. Fidelity realleges and incorporates the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. Pursuant to the Agreement, the Indemnitors promised to "exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur" by reason of, among other things, having executed the Bonds or enforcing the Agreement.

31. The Indemnitors have committed various breaches and defaults of the Agreement, including, but not limited to, failing and refusing to indemnify Fidelity from any and all liability for losses and expenses that Fidelity incurred, of whatsoever kind or nature, relating to the Bond Claims.

32. As a result of the Indemnitors' breaches of the Agreement, Fidelity has suffered damages, including but not limited to attorneys' fees, consultants' fees, and other costs and expenses that Fidelity has incurred as a result of issuing the Bonds which continue to accrue, and thus Fidelity's damages are continuing in nature.

33. Fidelity is entitled to an award of its attorneys' fees and costs in pursuing this claim according to the Agreement.

WHEREFORE, Fidelity demands judgment against the Indemnitors, jointly and severally, for damages, costs of this action, prejudgment interest, attorneys' fees and such further relief as this Court deems just and proper.

## COUNT IV
### (Common Law Indemnity against Gerelco Electrical)

34. Fidelity realleges and incorporates paragraphs 1 through 12, 21 through 26, and 28 as though fully set forth herein.

35. Fidelity is without fault for the Bond Claimants' claims.

36. Fidelity had a special relationship with Gerelco Electrical by virtue of issuing the Bonds.

37. Fidelity's liability under the Bonds, if any, is merely technical, secondary, and vicarious to that of Gerelco Electrical, who is actively and completely at fault for, and obligated to timely pay, any underlying liability, or properly complete the performance of work, on the Bonds, including, without limitation, any liability to the Bond Claimants.

38. As a direct and proximate result of Gerelco Electrical's failure to honor its obligations, Fidelity has incurred and continues to incur damages, losses and expenses, including attorneys' fees and costs, by reason of having executed the Bonds.

39. Gerelco Electrical is liable to Fidelity for all losses, expenses, consultants' fees, and attorneys' fees sustained by reason of having executed the Bonds including, without limitation, all payments Fidelity has made to investigate and defend the Bond Claimants' claims and all consultants' fees and attorneys' fees Fidelity incurs as a result of issuing the Bonds.

40. To date, Fidelity has incurred damages in the form of attorneys' fees, consultants' fees, interest, and costs, as a result of issuing the Bonds.

41. Fidelity is entitled to receive its reasonably incurred attorneys' fees pursuant to applicable Florida law.

WHEREFORE, Fidelity requests that this Court enter judgment against Gerelco Electrical for damages, attorneys' fees, prejudgment interest, costs, and such further relief as this Court deems just and proper.

Dated this 14th day of January, 2021.

                                                           */s/ Ryan J. Weeks*
RYAN J. WEEKS, ESQ.
Florida Bar No. 57897
rweeks@mpdlegal.com
NATHAN F. DIEHL, ESQ.
Florida Bar No. 121082
ndiehl@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 3700
Tampa, FL 33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
*Attorneys for Plaintiff, Fidelity and Deposit Company of Maryland*